# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIK S. BOWKER, <br> INMATE NO. 53837060, <br>     Plaintiff, <br><br> v. <br><br> REGIONAL DIRECTOR HOLT; <br> WARDEN DREW; STAFF <br> ATTORNEY JEFF CAMPBELL; <br> ASSISTANT WARDEN SZAFIR; <br> ASSISTANT WARDEN <br> BECHTOLD; UNIT MANAGER <br> GRAFTON; CASE MANAGER <br> COX; CORRECTIONS <br> COUNSELOR SEDANO; <br> CORRECTIONS COUNSELOR <br> GONZALES; CHIEF <br> PSYCHOLOGIST GEORGIA <br> WHIPLOCK; DOCTOR SIERRA; <br> DOCTOR BATES; ALL <br> MEMBERS OF THE SPECIAL <br> INVESTIGATIVE <br> SUPERVISORS OFFICE; <br> PSYCHOLOGY DIRECTOR <br> SHELLEY STAUNTON; MR. <br> GAGE; MICHAEL <br> GUNZENHAUSER; V. SOTO; <br> and DIRECTOR HARLEY <br> LAPPIN, <br>     Defendants. | PRISONER CIVIL RIGHTS <br> 28 U.S.C. § 1331 <br><br> CIVIL ACTION NO. <br> 1:09-CV-0155-TCB |

**ORDER AND OPINION**

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for damages in federal court, brought pursuant to 28 U.S.C. § 1331. "Because of the similarity in the causes of action, . . . [courts] 'generally apply § 1983 law to Bivens cases.'"

2

Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)).

In order to state a claim for relief under Bivens or 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

3

II. Discussion

Plaintiff, currently confined at the United States Penitentiary in Coleman, Florida ("USP-Coleman"), alleges that officials at USP-Coleman have violated his federal civil rights by stealing his legal materials, documents, law books, legal mail, compelling assaults and attacks against him, interfering with his access to legal materials, denying him access to the courts, and denying him legal, political and news information. (Doc. 1 at 2). Plaintiff seeks damages and injunctive relief. (Id.).

USP-Coleman is located in the United States District Court for the Middle District of Florida, Ocala Division. Title 28 U.S.C. § 1391(b) states that a civil action should be brought in a "district where any defendant resides" or in a "district where a substantial part of the events or omissions giving rise to the claim occurred."

Plaintiff is aware of the rules regarding venue, and in a previous action with this Court, stated that he was attempting to avoid having that action transferred to the Middle District of Florida by naming Regional Director Holt as a Defendant. See Bowker v. Holt, et al., Civil Action No. 1:08-CV-3786-TCB (N.D. Ga. Jan. 5, 2009). Plaintiff again seeks to avoid having his civil action transferred to the

4

AO 72A
(Rev.8/82)

Middle District of Florida. (Doc. 1 at 3). Plaintiff states in this action, as well as his previous one, that Holt is a resident of Atlanta, Georgia, and he is also the Regional Director of USP-Coleman. (Id.).

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotations omitted). A supervisor is liable only when he or she "personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id.

Plaintiff was previously informed that he could not obtain relief against Holt on the basis of vicarious liability. Bowker, Civil Action No. 1:08-CV-3786-TCB, Doc. 2 at 4-5. In an attempt to correct this problem, Plaintiff alleges that Defendant Holt, among others, advised certain USP-Coleman officials on the proper technique for stealing and destroying inmate mail. (Doc. 1 at 5). Plaintiff also alleges that Holt and other Defendants "took overt action to destroy evidence of the massive mail theft problem." (Id. at 6). Plaintiff does not suggest how he would have been privy to such clandestine acts.

5

Finally, with regard to Holt, Plaintiff alleges that Holt advised USP-Coleman officials "to take <u>any</u> and <u>all</u> actions, including wanton violence and illegal activity, to prevent inmate lawsuits and grievances." (<u>Id.</u> at 7) (emphasis in original). Again, Plaintiff does not indicate how he could have learned of this order, and despite these extraordinary steps allegedly taken by Holt, Plaintiff has shown that he is able to submit civil rights complaints.

In the context of a § 1915A frivolity determination, the Court's authority to "pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (internal quotation omitted). Rather, a court may dismiss an action under § 1915A "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." Id. at 32-33 (internal citations omitted). Therefore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id. at 33.

This Court finds that Plaintiff's allegations against Holt to be at least fanciful and irrational, and Holt should be dismissed as a party to this action. This

6

conclusion is further supported by Plaintiff's claims against other Defendants. For instance, Plaintiff alleges that several Defendants, including the prison's chief psychologist and two other doctors, attempted to have other inmates attack Plaintiff. (Doc. 1 at 4). Similarly, Plaintiff alleges that USP-Coleman officials told him that he would have to engage in knife fights with other inmates before his legal materials would be returned to him. (Id. at 7). Plaintiff also believes that certain prison officials will withhold his legal materials for "many months" after he is released from prison. (Id. at 8). These allegations appear to this Court to be irrational and possibly delusional.

All of the alleged violations of Plaintiff's federal rights occurred in the Middle District of Florida. The remaining Defendants, except for Defendant Lappin, who resides in Washington, D.C., appear to be employed at USP-Coleman, and they presumably reside within that district. Therefore, venue is proper in the Middle District of Florida.

Title 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought." As Plaintiff does not wish to have this action

7

transferred and many of his allegations appear irrational, this Court will dismiss this action for improper venue.

III. Conclusion

**IT IS ORDERED** that Defendant Holt is **DISMISSED** as party to this action. The instant pro se civil rights complaint [Doc. 1] is **DISMISSED** for improper venue. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action in forma pauperis.

**IT IS SO ORDERED**, this 30th day of January, 2009.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE